# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-0939V
UNPUBLISHED

| | |
|---|---|
| OLIVIA RENCHEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 20, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

      On July 31, 2020, Olivia Renchen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received a Tdap vaccine in her left shoulder on July 26, 2019 and that she thereafter suffered a shoulder injury related to vaccine administration (SIRVA). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On October 20, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner's claim meets the Table criteria for SIRVA and that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 4. Specifically, Petitioner

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

had no apparent history of pain, inflammation, or dysfunction of the affected shoulder prior to the vaccination that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; Petitioner more likely than not suffered the onset of pain within 48 hours of vaccination; Petitioner's pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified that would explain Petitioner's symptoms. *Id.* at 4-5. Respondent further agrees that the case was timely filed, the vaccine was administered in the United States, Petitioner's injury lasted for at least six months, and no prior action for an injury related to this vaccine has been filed. *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master